UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEE LATHROP,

        Petitioner,

                               Case No. 10-10245

v.                                 Honorable Patrick J. Duggan

THOMAS K. BELL,

        Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner William Lee Lathrop ("Petitioner"), a prisoner serving a sentence of 17 1/2-to-35 years in a Michigan correctional facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his Muskegon Circuit Court conviction in 2008 for assault with intent to commit murder in violation of Michigan Compiled Laws § 750.83.  For the reasons stated below, the Court denies his application for habeas relief.

## I.  Background

This Court recites verbatim the facts relevant to Petitioner's conviction on which the Michigan Court of Appeals relied:

> During a verbal argument outside their home, defendant punched his wife Amy in the face and then dragged her into the house.  He then stabbed her several times in the chest with a kitchen knife. Defendant's daughter, Becky Lathrop, witnessed the stabbing.  Becky stated that she hit, pulled, and pushed defendant in an attempt to stop the attack.  She recalled that on at least two occasions, defendant stumbled away from Amy, but that he then

immediately continued the stabbing.

*People v. Lathrop*, 2007 Mich. App. LEXIS 1964 (Mich. Ct. App. Aug. 21, 2007).  These

facts are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1).  *See*

*Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

Following a trial, a jury convicted Petitioner of assault with intent to commit

murder.  The trial court initially sentenced Petitioner to imprisonment for a term of

20-to-35 years.  Petitioner challenged the sentence on direct appeal, and the Michigan

Court of Appeals affirmed.  *People v. Lathrop*, 2007 Mich. App. LEXIS 1964.  The

Michigan Supreme Court subsequently reversed and remanded the case to the trial court

for resentencing on the grounds that the sentencing guidelines had been improperly

scored.  *People v. Lathrop*, 480 Mich. 1036, 743 N.W.2d 565 (2008).

On remand, the trial court resentenced Petition to a term of imprisonment of 17

1/2-to-35 years.  Petitioner filed another claim of appeal with the Michigan Court of

Appeals, raising the following claims:

     I.     Defendant is entitled to resentencing because the sentence imposed is
            a departure unsupported by a substantial and compelling reason.

     II.    The trial court erred in failing to correct the presentence investigation
            report ("PSIR") when there are inaccuracies within the report.

The Michigan Court of Appeals affirmed.  *People v. Lathrop*, 2009 Mich. App. LEXIS

1169 (Mich. Ct. App. May 26, 2009).  Petitioner sought leave to appeal in the Michigan

Supreme Court, but the Court denied his application by standard order.  *People v.*

*Lathrop*, 485 Mich. 928, 773 N.W.2d 683 (2009).

2

Petitioner now seeks a writ of habeas corpus on the following grounds:

I.      Petitioner is entitled to be resentenced because the trial court judge
        erred and abused his discretion by upwardly departing from the
        Michigan statutory sentencing guidelines, because the sentence
        imposed is a departure unsupported by any substantial and compelling
        reason, which violated Michigan law, and the due process and
        confrontation clauses of the 5th, 6th, and 14th Amendments of the
        United States Constitution.

II.     Petitioner is entitled to be resentenced because the trial court judge
        erred in failing to correct the presentence investigation report when
        there are inaccuracies within the report, which violated Michigan law,
        and the due process clauses of the 5th and 14th Amendments of the
        United States Constitution.

Respondent filed an answer to the petition on August 11, 2010, arguing that both grounds

for relief lack merit.  Petitioner filed a reply brief on September 13, 2010.

## II.  Standard of Review

To obtain habeas corpus relief, a state prisoner must show that the state court

decision rejecting his habeas claims "was either contrary to, or an unreasonable

application of, [the Supreme] Court's clearly established precedents, or was based upon

an unreasonable determination of the facts."  28 U.S.C. § 2254(d); *Price v. Vincent*, 538

U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

The Supreme Court has provided that under the "contrary to" clause "a federal

habeas court may grant the writ if the state court arrives at a conclusion opposite to that

reached by [the Supreme] Court on a question of law or if the state court decides a case

differently than [the Supreme] Court has on a set of materially indistinguishable facts."

*Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000).  A federal habeas

3

court may grant the claim under the "unreasonable application" clause "if the state court

identifies the correct governing legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413, 120 S.

Ct. at 1523.  The court may not issue a writ "simply because the court concludes in its

independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Id.* at 411, 120 S. Ct. at 1522.

### III.  Discussion

#### A.  Sentencing Guideline Departure

Petitioner argues that the trial court departed from the sentencing guidelines

without adequate substantial and compelling reasons.  "The habeas statute unambiguously

provides that a federal court may issue the writ to a state prisoner 'only on the ground that

he is in custody in violation of the Constitution or laws or treaties of the United States.'"

*Wilson v. Corcoran*, – U.S. – , 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)).

The requirement that a Michigan sentencing court articulate a "substantial and compelling

reason" for departure from the sentencing guidelines stems from state law and not from

any federal constitutional requirement.  *See* Michigan Compiled Laws § 769.34(3);

*Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged

misinterpretation of state sentencing guidelines and crediting statutes is a matter of state

concern only.")  "[A] mere error of state law is not a denial of due process." *Swarthout v.*

*Cooke*, – U.S. – , 131 S. Ct. 859, 863 (2011) (internal quotations omitted).  Thus,

Petitioner's claim that the trial court did not have adequate reasons to depart from the

4

guideline range is not cognizable on federal habeas review.

## B. Errors in Presentencing Investigation Report

In his second claim, Petitioner asserts that there were factual errors contained in the PSIR. Specifically, he states that the report incorrectly listed him as unemployed at the time of the offense, improperly made a religious reference by stating that the victim survived "by the grace of God," referred to the victim as "living" with another man instead of "sleeping" with him, and suggested that he was a regular user of cocaine rather than just an intermittent user. He notes that the trial court stated on the record that it would correct the inaccuracies in the report, but the copy he received in prison reflects that the corrections were never made. Petitioner's counsel stated that the errors were significant because they could affect decisions made by the Michigan Department of Correction and the Michigan Parole Board regarding his placement and parole.

A court violates due process when it imposes a sentence based upon materially false information. *Townsend v. Burke*, 334 U.S. 736, 740-41, 68 S. Ct. 1252, 1255 (1948) (citation omitted). Petitioner has the burden of demonstrating "first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988) (citations omitted).

Petitioner has not shown that the disputed information in the PSIR impacted the sentence he received. The sentencing court stated that it based Petitioner's sentence on the severity and brutality of the assault, the fact that he committed it in front of his

5

children, and because Petitioner attempted to manipulate family members to support him following the offense. The court did not refer to any of the disputed facts when it imposed sentence.

In any event, Petitioner contends that the information was prejudicial because it has an impact on his parole eligibility. But there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104 (1979). The Sixth Circuit in *Sweeton v. Brown*, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), Accordingly, even if it were the case that the alleged inaccuracies were considered in determining Petitioner's parole eligibility, such error would not have any constitutional dimension, and does not provide a basis for granting habeas relief.

## IV. <u>Conclusion</u>

For the reasons set forth above, the Court denies Petitioner's application for the writ of habeas corpus. The Court also denies Petitioner a certificate of appealability with respect to its decision.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the

6

issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong.  *Id.* at 484, 120 S. Ct. at 1603.  Petitioner fails to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further.

The standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability.  *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith.  *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits.  *Foster*, 208 F. Supp. 2d at 765.  This Court believes that Petitioner's claims are frivolous and that, therefore, an appeal could not be taken in good faith.

Accordingly,

**IT IS ORDERED**, that the Petition for Writ of Habeas Corpus is **DENIED**;

7

**IT IS FURTHER ORDERED**, that a Certificate of Appealability is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: October 27, 2011                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
William Lee Lathrop, #590235
Mound Correctional Facility
17601 Mound Road
Detroit, MI  48212

AAG Raina I. Korbakis

8